# IN THE COURT OF APPEALS OF IOWA

No. 24-0253
Filed May 22, 2024

**IN THE INTEREST OF D.F.,**
**Minor Child,**

**D.F., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Humboldt County, Hans Becker, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Brandy R. Lundy of Lundy Law, PLC, Mooreland, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Gregory Stoebe, Humboldt, attorney and guardian ad litem for minor child.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**AHLERS, Presiding Judge.**

The mother of the five-year-old child, whose welfare is the focal point of this case, appeals the juvenile court's order terminating her rights to the child. She argues that termination is not in the child's best interests and the juvenile court should have applied a permissive exception to forgo termination.

We conduct de novo review of orders terminating parental rights. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). Our review follows a three-step process that involves determining if a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). If a parent does not challenge any of the three steps, we do not address it on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

The mother does not challenge the statutory ground authorizing termination, so we move on to consider whether termination is in the child's best interests. When determining whether termination is in the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2) (2023). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *P.L.*, 779 N.W.2d at 41.

We agree with the juvenile court that termination is in the child's best interests. This mother has struggled with illegal substance use throughout this

case. While under the influence of methamphetamine, the mother stabbed and sliced the child's back and neck with a steak knife, believing the child to be a demon. After being criminally charged for the stabbing, the mother pleaded guilty to child endangerment resulting in bodily injury. She was incarcerated for that crime at the time of the termination hearing. Prior to her arrest and incarceration, the mother and child had supervised visits. Following the visits, the child would have bathroom accidents and nightmares.

In addition to the mother's violence toward the child, she has failed to control her anger toward other adults. She has made threats of violence toward the family centered services (FCS) provider's family, and she waited outside the FCS office for the FCS provider. She also threatened to show up at the child's school with a gun. These threats were credible enough that the child's school, the FCS office, and the Iowa Department of Health and Human Services office all had to be locked down. She also sent the father, who has custody of the child, text messages threatening to bury him next to his deceased brother.

To put it simply, the mother is a danger to the child. As the child's safety is of paramount concern when assessing the child's best interests, we conclude termination best serves the child's interests. *See In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

Yet the mother argues termination is not necessary to protect the child because the child is in the father's custody and is safe with him. Iowa Code section 232.116(3)(a) permits the court to forgo termination when "[a] relative has legal custody of a child." However, application of this exception is permissive, not mandatory, and it is the parent's burden to establish that the exception should be

applied. *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). When deciding whether this exception should be applied, we still consider the child's best interests. *See id.* at 476. In this case, the child's best interests would not be served by maintaining the parent-child relationship given the mother's acts of violence toward the child and the negative impact contact with the mother has had on the child. We decline to apply this permissive exception.

**AFFIRMED.**